

MICHAEL L.S. HAWKINS
Hawkins Law, APC
California State Bar No. 287741
402 W. Broadway, Suite 400
San Diego, California 92101
Telephone: (619) 880-4295

Attorney for Defendant
RICARDO RODRIGUEZ

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE BENJAMIN J. CHEEKS)**

UNITED STATES OF AMERICA,   )   Case No.: 25-MJ-1411-BLM-BJC
                            )
            Plaintiff,      )
                            )   **MR. RODRIGUEZ'S BRIEF IN OPPOSITON**
      vs.                   )   **TO GOBERNMENT'S APPEAL OF THE**
                            )   **MAJISTRATE JUDGE'S DENIAL OF**
                            )   **GOVERNMENT'S MOTION TO DETAIN**
RICARDO RODRIGUEZ (2),      )
                            )
            Defendant       )
                            )

_____

**SUMMARY OF ARGUMENT**

There is no presumption of detention, and in this case with Mr. Rodriguez after review of § 3142(g) factors, he should others be granted bond. The Magistrate Court appropriately set conditions to ensure Mr. Rodriguez is present at all future court dates and remains law abiding. This Court should affirm the decision of the Magistrate Court.

**PROCEDURAL HISTORY**

On Tuesday, May 25, 2025, Ricardo Rodriguez and another Customs and Border Protection Agent were arrested on a sealed complaint charging them with alien smuggling and accepting bribes as public officers. (ECF No. 1). At Mr. Rodriguez's initial appearance, the United States moved to detain him without bail based on flight risk. (ECF No. 7).

The detention hearing was held before Magistrate Judge Barbara Lynn Major on March 31,

1

2025. (ECF No. 21). Pretrial Services had recommended a $10,000 personal appearance bond secured by the signature of one financially responsible adult. (ECF No. 15).

The United States argued detention based on the facts from the complaint, leading the Magistrate Judge to urge the Government to address factors beyond the weight of the evidence. The United States then presented the arguments outlined in its appeal. (*See* ECF No. 42).

The defense requested the court consider Mr. Rodriguez be released on his own recognizance. Mr. Rodriguez has his parents living and working in the United States, specifically New York. His parents flew out for his detention hearing and have maintained strong support for their one and only child.

The Court denied the Government's motion to detain and set a bond in the amount of $40,000, to be secured by two financially responsible and related adults, with an additional $6,000 deposit. The Court specifically permitted and ordered Mr. Rodriguez travel to the Southern District of New York, to reside with his family.  Defense counsel provided proposed bond package to the United States on April 2, 2025 with Mr. Rodriguez's parents, Thiara Rodriguez and Diogenes Rodriguez, as his sureties.

## ARGUMENT

This Court should affirm the Magistrate Court's decision because the 3142(g) factors were appropriately analyzed and applied, and the United States did not meet their burden to show Mr. Rodriguez is a serious risk of flight.

### A. 3142(g) factors were properly weighed by the Magistrate Court

The strength of the evidence is the least important factor, as routinely held to be the case by our Ninth Circuit. *United States v. Winsor*, 785F.2d 755, 757 (9th Cir. 1986)

The important and relevant 3142 factors, as detailed in (g)(3), are those illustrated by Mr. Rodriguez and his history.  Mr. Rodriguez lawfully immigrated here when he was 18 years old from the Dominican Republic with his mom, to join his dad already here. He immediately learned English and graduated college with a degree in automotive engineering.  He spent a significant period of time, 2012 to 2023, as a participant in the National Guard.

Mr. Rodriguez has no criminal history, a strong work history including TSA before being hired with the Border Patrol. Mr. Rodriguez had no disciplinary issues while employed with CBPO.

Mr. Rodriguez has family in New York, his mom and dad. He has cousins in Los Angeles County, and the rest of his family lives in the Dominican Republic. He has no ties to Mexico, but for his on/off girlfriend. Mr. Rodriguez quit his job in January, 2025, could no longer afford to live in San Diego, and moved in with his girlfriend in Mexico. If he was a flight risk, he would have departed directly to the Dominican Republic to hide out with his family there; but he did not. Mr. Rodriguez knew this day was coming and did not flee.

His family is fully supporting him through this process. His mother works at a hotel in New York, and over time has worked her way up. She earns approximately $78,000 per year. His father has previously worked at a parking lot, delivery driver, but has currently been unable to work because of health issues. Most recently, his father had surgery and requires an additional 5-6 weeks of recovery before able to return to work full-time. They were able to accomplish a savings and have that available and have converted into cryptocurrency.

Mr. Rodriguez is healthy, both physically and mentally. With that said, he is not a person made for jail, and has struggled being incarcerated, as can be expected by somebody never been in trouble before. His currently incarceration is particularly difficult because of his former employment with CBPO and the protective custody he is in.

Finally, Mr. Rodriguez, if convicted, he will be a zero-point offender, statistically the group least likely to recidivate. He has no history of abusing alcohol or drugs. He is prime candidate for bond, and to not be detained pretrial.

**B. The Conditions Set by the Magistrate Court are Sufficient because Mr. Rodriguez is not a Serious Flight Risk.**

"[F]ederal law has traditionally provided that a person arrested for a noncapital offense shall be admitted to bail." *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985). The BRA's legislative history has clearly established that detention based on serious risk of flight is only appropriate under "extreme and unusual circumstances." (*Bail Reform Act of 1983*: Rep. of the Comm. On the Judiciary, 98th Cong. 48 (1983)). The Ninth Circuit has made clear the defendants are "serious" flight risks only in rare cases. *United States v. Santos-Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015).

The oral argument by the Government, coupled with argument in their appeal, is insufficient

to overcome the significant and substantial burden of proving a serious risk of flight.  Mr. Rodriguez moving to Mexico was not flight, but a matter of circumstance following him leaving CBPO. Mr. Rodriguez is not a serious or violent person; as evidenced by the absence of a criminal record, no allegations of threats, violence, or weapons in this case, and   his strong ties to the community, specifically his parents in New York.

First, the government bears the burden of presenting some evidence to substantiate its allegation that a defendant is a serious risk of flight, but here the government has provided insufficient evidence.  Mr. Rodriguez has no history of failing to appear.  He moved to Mexico following his resignation because he couldn't afford to live here, had no family in San Diego, but had his girlfriend just minutes on the other side of the border.

Second, to establish "serious risk" of flight, the government must demonstrate that the defendant presents an "extreme and unusual" risk of willfully fleeing the jurisdiction if released, but the government has not met that burden here. *United States v. Abrahams*, 575 F.2d 3, 8 (1st Cir. 1978). For Mr. Rodriguez, if there was evidence of him contacting family in Dominican Republic to prepare for his arrival, then maybe there is an argument, but he did not do that. If he had travel plans to move back to the Dominican Republic, then maybe there is an argument, but again, he did not do that.

Ordering Mr. Rodriguez to live with his parents, maintain communication with pre-trial services, and stay law-abiding, are sufficient conditions to ensure his compliance and cooperation throughout the pendency of this case.

## **CONCLUSION**

Mr. Rodriguez, though facing serious criminal charges, has far more reasons to stay than he does to leave. The Magistrate Court's determination took into account the severity of charges, the weight of the evidence, and the possibility of hidden funds. Despite all that, it found that it could set conditions that would reasonably assure release. The Magistrate Court's decision to deny detention was a proper application of the Bail Reform Act, and as such, it should be affirmed.

Respectfully submitted,

Date:  April 10, 2025                         /s/ Michael L.S. Hawkins

                                             MICHAEL L.S. HAWKINS

                                             Attorney for Mr. Rodriguez