Michael L.S. Hawkins
State Bar No. 287741
HAWKINS LAW, APC
402 W. Broadway, Suite 400
San Diego, California 92101
Telephone: (619) 880-4295

Attorney for Defendant
RICARDO RODRIGUEZ

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiffs,<br><br>    vs.<br><br>RICARDO RODRIGUEZ,<br><br>    Defendant. | Case No. 3:25-CR-01321-H<br><br>**DEFENDANT RICARDO RODRIGUEZ**<br><br>**NOTICE OF MOTION AND MOTIONS TO:**<br>    **(1) COMPEL DISCOVERY.**<br>    **(2) PRESERVE EVIDENCE; AND**<br>    **(3) FOR LEAVE TO FILE FURTHER MOTIONS**<br><br>**TOGETHER WITH POINTS AND AUTHORITIES IN SUPPORT OF SAME**<br><br>Date:<br><br>Time: |

Defendant, RICARDO RODRIGUEZ, ("Mr. Rodriguez"), by and through his attorney, Michael L.S. Hawkins, respectfully submits these motions to compel discovery, preserve evidence, and for leave to file further motions if needed, along with points and authorities in support thereof.

**STATEMENT OF THE CASE**

On Tuesday, May 25, 2025, Ricardo Rodriguez and another Customs and Border Protection Agent were arrested on a sealed complaint charging them with alien smuggling and

accepting bribes as public officers. (ECF No. 1). At Mr. Rodriguez's initial appearance, the United States moved to detain him without bail based on flight risk. (ECF No. 7).

The Government provided discovery to the Defense on March 28, 2025. The amount of discovery is voluminous and consists of interviews, records, law enforcement reports, and other materials, which the undersigned is in the process of reviewing.

## MOTION TO COMPEL DISCOVERY AND PRESERVE EVIDENCE

Mr. Rodriguez respectfully moves to compel the discovery referenced below and to preserve all relevant and potentially exculpatory evidence in this case. This motion is not limited to those items that the prosecutor knows of, but rather includes all discovery that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies." *See Kyles v. Whitley*, 514 U.S. 419 (1995), *United States v. Bryan* 868 F.2d 1032, 1036 (9th Cir. 1989).

(1)  **Mr. Rodriguez's Statements.** Under Fed. R. Crim. P. 16 (a)(1)(A) a defendant is entitled to disclosure of: all copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant that the government intends to offer in evidence at trial; any recorded testimony of the defendant before the grand jury; any response by the defendant to interrogation; the substance of any oral statements that the government intends to introduce at trial; any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent; any response to any Miranda warnings that were given to the defendant; and any other statements by the defendant. *See* Fed. R. Crim. P.16(a)(1)(A) and (B).

The Advisory Committee Notes as well as the 1991 amendments to Rule 16 make it clear that the Government must reveal all the defendant's statements, whether oral or written, regardless of whether the Government intends to introduce those statements at trial or otherwise rely on them in its prosecution.

(2)  **Arrest Reports, Notes and Dispatch Tapes.** The defense also specifically requests production of all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his arrest or any questioning, if such reports have not already been

produced in their entirety. This request includes, but is not limited to, any rough notes, records, reports, transcripts, or other documents in which statements of the defendant or any other discoverable material is contained. Such material is discoverable under Fed. R. Crim. P. 16(a)(1)(A) & (B) and *Brady v. Maryland*, 373 U.S. 83 (1963). *See also Loux v. United States*, 389 F.2d 911 (9th Cir. 1968). Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant are subject to discovery under Fed. R. Crim. P. 16(a)(1)(B), Fed. R. Crim. P. 26.2, and Fed. R. Crim. P. 12(h). Preservation of rough notes is requested, whether or not the government deems them discoverable.

(3)     **Reports of Scientific Tests or Examinations.**  Pursuant to Fed. R. Crim. P. 16(a)(1)(F), Mr. Rodriguez requests disclosure and the opportunity to inspect, copy, and photograph the results and reports of all tests, examinations, and experiments conducted upon the evidence in this case, including, but not limited to, any fingerprint testing done upon any evidence seized in this case, that are within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and that are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

(4)     **Brady Material.** Mr. Rodriguez requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case. *See Brady v. Maryland*, 373 U.S. 83 (1963). As the Government is aware, impeachment as well as substantively exculpatory evidence falls within Brady's definition of evidence favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976).

(5)     **Any Information that May Result in a Lower Sentence under the United States Sentencing Guidelines.**  As discussed above, this information is discoverable under *Brady v. Maryland,* 373 U.S. 83 (1963). This request includes any information that could affect any base offense level or specific offense characteristic under Chapter Two of the United States Sentencing Guidelines ("U.S.S.G."). This request also includes any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, or any other application of the U.S.S.G.

(6) **Any Information That May Result in a Lower Sentence Under 18 U.S.C. § 3553.** After United States v. Booker, 543 U.S. 220 (2005), the Guidelines are merely advisory and federal sentencing is governed by 18 U.S.C. § 3553, which requires a judge to consider "any information about the nature and circumstances of the offense." 18 U.S.C. § 3553(a)(1). This broad range of judicial discretion, combined with the mandate that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence," 18 U.S.C. § 3661, means that any information whatsoever may be "material . . . to punishment," Brady, 373 U.S. at 87, whether or not the government deems it discoverable.

(7) **The Defendant's Prior Record.** Evidence of Mr. Rodriguez's prior record, if any, must be disclosed pursuant to Fed. R. Crim. P.16(a)(1)(B).

(8) **Any Proposed 404(b) Evidence.** Evidence of prior similar acts is discoverable under Fed. R. Crim. P.16(a)(1)(C) and Fed. R. Evid. 404(b) and 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. Mr. Rodriguez requests that such notice be given eight weeks before trial in order to give the defense time to adequately investigate and prepare for trial.

(9) **Evidence Seized.** Evidence seized as a result of any search, either warrantless or with a warrant, is discoverable under Fed. R. Crim. P.16(a)(1)(C).

(10) **Request for Preservation of Evidence.** Mr. Rodriguez specifically requests that any physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relates to the prosecution in this case be preserved. This request includes, but is not limited to, any "dispatch" or other tapes, samples used to run any scientific tests, and any evidence seized from any third party. It is requested that the government be ordered to question all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, including disputed tapes, and if it does exist, to inform those parties to preserve any such evidence.

(11) **Tangible Objects.** Mr. Rodriguez requests, under Fed. R. Crim. P. 16(a)(2)(C), the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, photographs, of building or places or

copies of portions thereof that are material to the defense or intended for use in the government's case-in-chief, or were obtained from or belong to the defendant.

(12) **Evidence of Bias or Motive to Lie.** Mr. Rodriguez any evidence that any prospective government witness is biased or prejudiced against the defendant or has a motive to falsify or distort his testimony. *See Pennsylvania v. Ritchie*, 480 U.S. 39 (1987); *United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988). Such evidence can include prior statements, business dealings, or actions.

(13) **Impeachment Evidence.** Mr. Rodriguez requests any evidence that any prospective government witness has engaged in any criminal act, whether or not resulting in a conviction, and whether any witness has made a statement favorable to the defendant.  See Fed. R. Evid. 608, 609 and 613.  Such evidence is discoverable under *Brady v. Maryland*, supra. *See also United States v. Strifler,* 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); *Thomas v. United States*, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility);

(14) **Evidence of Criminal Investigation of Any Government Witness.**  Mr. Rodriguez requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. *See United States v. Chitty*, 760 F.2d 425 (2d Cir. 1985).

(15) **Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling.**  Mr. Rodriguez requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired.  Mr. Rodriguez also requests any evidence that a witness has ever used narcotics or other controlled substance or has ever been an alcoholic. *See United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988); *Chavis v. North Carolina*, 637 F.2d 213, 224 (4th Cir. 1980).

(16) **Witness Addresses.** Mr. Rodriguez requests the name and last known address of each prospective government witness. *See United States v. Napue*, 834 F.2d 1311 (7th Cir. 1987); *United States v. Tucker*, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); *United States v. Cook*, 608 F.2d 1175,1181 (9th Cir. 1979), overruled on other grounds by *Luce v. United States*, 469 U.S. 38 (1984) (defense has equal right to talk to witnesses).Mr. Rodriguez  also requests the name and last known address of every witness to the

crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness. *See United States v. Cadet*, 727 F.2d 1453 (9th Cir. 1984);

(17) **Name of Witnesses Favorable to the Defendant.** Mr. Rodriguez requests the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify defendant or who was unsure of defendants' identity, or participation in the crime charged. *See Jackson v. Wainwright*, 390 F.2d 288 (5th Cir. 1968); *Chavis v. North Carolina*, 637 F.2d 213, 223 (4th Cir. 1980); *Jones v. Jago,* 575 F.2d 1164,1168 (1978); *Hudson v. Blackburn*, 601 F.2d 785 (5th Cir. 1979), cert. denied, 444 U.S. 1086 (1980).

(18) **Statements Relevant to the Defense.** Mr. Rodriguez requests disclosure of any statement that may be "relevant to any possible defense or contention" that he might assert. *See United States v. Bailleaux*, 685 F.2d 1105 (9th Cir. 1982).

(19) **Jencks Act Material.** Mr. Rodriguez requests pre-trial production of all Jencks material to expedite cross-examination and to avoid lengthy recesses during trial. Mr. Rodriguez - Laborde asserts that a verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under §3500(e)(1). *See Campbell v. United States,* 373 U.S. 487, 490-92 (1963). Similarly, in <u>United States v. Boshell,</u> 952 F.2d 1101 (9th Cir. 1991), the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act.

(20) **Giglio Information.** Pursuant to *Giglio v. United States,* 405 U.S. 150 (1972), Mr. Rodriguez -Laborde- Laborde requests all statements and/or promises, express or implied, made to any government witnesses, in exchange for their testimony or other assistance in this case, and all other information that could arguably be used for the impeachment of any government witnesses.

(21) **Personnel Records of Government Officers.** Mr. Rodriguez requests all citizen complaints and other related internal affairs documents involving any of the law enforcement officers who were involved in his investigation, pursuant to *Pitchess v. Superior Court,* 11 Cal. 3d 531, 539 (1974). Because of the sensitive nature of these documents, defense counsel will not be able to procure them from any other source.

(22) **Government Examination of Law Enforcement Personnel Files.** Mr. Rodriguez requests that the prosecutor examines the personnel files and any other files within its custody,

care or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers. Mr. Rodriguez requests that these files be reviewed by the government attorney for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991). The obligation to examine files arises by virtue of the defense making a demand for their review. The Ninth Circuit in *Henthorn* remanded for in camera review of the agents' files because the government failed to examine the files of agents who testified at trial. This Court should therefore order the government to review all such files for all testifying witnesses and turn over any material relevant to impeachment or that is exculpatory prior to trial.

(23) **Informants and Cooperating Witnesses**. The defense requests disclosure of the names and addresses of any informants or cooperating witnesses used or to be used in this case. The government must disclose the informant's identity and location, as well as disclose the existence of any other percipient witness unknown or unknowable to the defense. *See Roviaro v. United States*, 353 U.S. 53, 61-62 (1957). The defense also requests disclosure of any information indicating bias on the part of any informant or cooperating witness. *See Giglio v. United States*, 405 U.S. 150 (1972). Such information would include any and all inducements, favors, payments, or threats made to the witness to secure cooperation with the authorities.

(24) **Notice and a Written Summary of Any Expert Testimony.** Under Rule 16(a)(1)(G), "[a]t the defendant's request, the government shall disclose to the defendant a written summary of testimony the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-chief at trial. This summary must describe the witness' opinions, the basis and the reasons therefore, and the witness' qualifications Mr. Rodriguez specifically requests the government give him a written summary and notice of any expert testimony that the government intends to introduce. This request includes any government agent who will testify to any opinion.

(25) **Residual Request**. The defense intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. This request specifically includes all subsections of

Rule 16. Mr. Rodriguez requests that the government provide him and his attorney with the above requested material sufficiently in advance of trial.

## LEAVE TO FILE FURTHER MOTIONS

This case involves voluminous discovery, which will take time to review. Accordingly, Mr. Rodriguez respectfully requests leave to file further motions should such motions become necessary as additional facts and information come to light.

DATE: April 28, 2025   /s/ *Michael L.S. Hawkins*

Michael L.S. Hawkins
Attorney for Defendant
RICARDO RODRIGUEZ

## CERTIFICATE OF SERVICE

Counsel for the Defendant certifies that the foregoing NOTICE OF MOTIONS AND MOTIONS TO COMPEL DISCOVERY, PRESERVE EVIDENCE, AND FOR LEAVE TO FILE FURTHER MOTIONS has been electronically served on the parties by virtue of their registration with the CM/ECF system:

FRANCISCO NAGEL – Assistant United States Attorney

Respectfully submitted,

DATED: April 28, 2025                                /s/ *Michael L.S. Hawkins*

                                                                    Michael L.S. Hawkins
                                                                    Attorney for RICARDO RODRIGUEZ